# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AUDITPROOF.COM, INC., | ) |
|     Plaintiff/Counter-defendant, | ) |
| | ) Case No. 04-0728-CV-W-FJG |
| vs. | ) |
| JEFFERY ALLEN d/b/a MANNA MIRACLES, | ) |
|     Defendant/Counter-claimant. | ) |

## ORDER

Pending before the Court are: (1) plaintiff's motion for reconsideration of motion to amend scheduling order (Doc. No. 52); (2) plaintiff's motion for leave to file plaintiff's witness list out of time (Doc. No. 53); and (3) plaintiff's response to the Court's Order to Show Cause why this case should not be dismissed for failure to prosecute (Doc. No. 54). These will be considered below.

**I.    History**

This case has been pending since August 2004. Originally, plaintiff had two attorneys, Michael J. Dermody and Timothy J. Flook. The first scheduling and trial order (Doc. No. 21) was entered February 17, 2005 and set November 1, 2005, as the deadline for close of discovery. Near the close of discovery, defendant filed two motions; a motion to amend/correct the scheduling order, and a motion to compel. See Doc. Nos. 34 and 35. Although the motion to compel was denied for failure to comply with Local Rule 37.1 (see Doc. No. 36), defendant represented to the Court in that motion that defense counsel attempted to contact Mr. Dermody, and was advised on October 31, 2005, that Mr.

Dermody was no longer with the firm.[1]  Defense counsel then requested that Mr. Flook return his call, but defense counsel represented that his call was not returned before the filing of the motion to compel.

The parties were ordered to file a joint report outlining the status of the case on or before November 8, 2005 (see Doc. No. 37, entered on 11/2/2005), and on November 7, 2005, the parties filed a status report.[2]  In the status report, the parties represented that, among other things,  (1) Mike Dermody had been the counsel primarily responsible for Plaintiff and has ceased practicing law.  Tim Flook will be assuming all duties for representation of Plaintiff, and will secure Michael Dermody's formal withdrawal as counsel of record.[3]  From this point forward, Mr. Flook will act as lead counsel for Plaintiff; (2) the Plaintiff has issued no discovery, and will be issuing discovery in the immediate future; and (3) the parties agree to seek the Court's permission to extend the discovery cut-off previously set in this case by 90 days.  At that time, plaintiff's counsel did not indicate that his legislative schedule would cause any problems in the completion of discovery within the additional 90 day period.

Thereafter, an amended scheduling order (Doc. No. 40) was entered, extending the discovery deadline to February 1, 2006 (Doc. No. 40).  On November 23, 2005, defendant filed a notice to take the deposition of Lance Baker (Doc. No. 41).  No further filings were

---

[1] Notably, Mr. Dermody never moved to withdraw as counsel, and in fact, he is still listed as counsel of record on ECF .

[2] The status report was actually by defendant's attorney.

[3] Again, as detailed above, Mr. Dermody has not moved to withdraw as counsel, nor Mr. Flook filed a motion to withdraw on Mr. Dermody's behalf.

made in this case until February 13, 2006, when this Court issued an order requiring certification of completion of discovery (Doc. No. 42). In response to that order, on February 23, 2006, counsel for defendant filed a notice of non-completion of discovery (Doc. No. 43), indicating that (1) discovery was not complete; (2) the parties wanted to amend their pleadings[4]; (3) defendant's counsel spoke with plaintiff's counsel, Mr. Flook (who represented he was a member of the Missouri Legislature and was pressed for time), concerning an agreed scheduling order, and plaintiff's counsel agreed to prepare a Joint Application to Amend the Scheduling Order to allow each party to amend pleadings and continue discovery and e-mail same to defense counsel for review; and (4) thereafter, plaintiff's counsel did not prepare the joint application, and did not communicate with defense counsel, even after a February 7, 2006 e-mail reminder from defendant's counsel regarding same.

Plaintiff did not timely respond to the Court's order, and instead filed a motion to amend the scheduling order on February 27, 2006. See Doc. No. 44.[5] Plaintiff indicated that it needed to make supplemental responses to discovery, and that defendant still needed to answer plaintiff's request for production. Plaintiff also indicated that during depositions, the parties determined there were additional claims to be addressed between the parties, and additional discovery would be needed. Plaintiff requested the close of discovery be extended to May 22, 2006, summary judgment motion deadline to June 30,

---

[4]The Court's Scheduling and Trial Order provided that the deadline for motions to amend and join additional parties was April 15, 2005. See Doc. No. 40.

[5]Notably, this is the first filing on ECF plaintiff had made since July 26, 2005. See Doc. No. 32.

-3-

2006, expert affidavits April 1, 2006 and April 30, 2006, and rebuttal affidavits May 30, 2006. Plaintiff's attorney also indicated,"Discovery in this action has been delayed in part by Plaintiff's counsel's, Tim Flook's, duties as a Missouri State Representative. Counsel was elected to the Missouri House of Representatives in 2004. The 2006 session of the Missouri General Assembly will cease May 11, 2006, and Plaintiff's counsel is up for re-election November 7, 2006."

On February 28, 2006, the Court issued an order advising counsel that discovery in this matter closed on February 1, 2006, and any motion seeking to reopen discovery must specify discovery sought and detailed plans to complete discovery, and must show good cause. See Doc. No. 46. The parties were advised that the pending motion (Doc. No. 44) would be ruled upon defendant's response. Defendant responded on March 14, 2006 (see Doc. No. 47), indicating that defendant had no objections to the motion to amend the scheduling order; however, defendant moved for an order allowing defendant to file a third party complaint against the principal owners of Auditproof.com, Inc.

On March 16, 2006, this Court denied the motion to amend the scheduling order, finding, "Neither plaintiff nor defendants demonstrate good cause for their untimely requests for extensions of time. . . . Plaintiff's counsel does not explain how his duties as a Missouri State Representative have caused substantial delays in discovery. Further, prior to the close of discovery on February 1, 2006, neither plaintiff nor defendants gave the Court any indication that they were encountering difficulties in completing discovery in accordance with the deadlines established by the Court's scheduling order (Doc. No. 40)." However, the Court granted the parties a brief extension of time, until April 3, 2006, for the filing of motions for summary judgment; all other deadlines established in Doc. No. 40

remained the same.

After the entry of this order, several months passed again, and only two filings were made: (1) Defendant's notice to take deposition of Marvyn T. Braude (Doc. No. 49, filed on March 20, 2006, which, under the Court's estimation, appears to be unauthorized discovery taken after the close of discovery deadlines); and (2) defendant and counter-claimant Jeffery Allen's witness and exhibit list (Doc. No. 50, filed on April 3, 2006). After over two months had passed, and the parties had missed practically every pre-trial filing deadline in the case[6], the Court entered an Order to Show Cause (Doc. No. 51, entered on June 19, 2006) why this case should not be dismissed for failure to prosecute and failure to comply with Court Orders (specifically, the Court's Scheduling and Trial Order, Doc. No. 40). Due to lack of activity by both parties, and as defendant had asserted counter-claims against plaintiff, both sides were ordered to respond in writing on or before July 11, 2006.

Defendant/counter-claimant Jeffery Allen d/b/a Manna Miracles filed no response to the Court's Order to Show Cause. Therefore, defendant/counter-claimant Jeffery Allen d/b/a Manna Miracles' claims against plaintiff as asserted in his counterclaim (see Doc. No. 28) are **DISMISSED WITHOUT PREJUDICE.**

Plaintiff filed a response to the Court's Order to Show Cause; that response, as well as plaintiff's other pending motions, will be examined below.

---

[6]In particular, none of the following were timely filed: (1) stipulation of facts, due April 3, 2006; (2) plaintiff's witness list, exhibit list, and designation of deposition testimony, due April 3, 2006; (3) plaintiff's in camera witness list, due April 3, 2006; (4) stipulations to the identity and authentication of exhibits, due May 1, 2006; (5) joint proposed instructions, due May 8, 2006; (6) asserting party's voir dire and other instructions, due May 15, 2006; (7) defending party's voir dire and other instructions, due May 22, 2006; (8) asserting party's motions in limine and trial brief, due June 5, 2006; and (9) defending party's motions in limine and trial brief, due June 12, 2006.

-5-

## II. Plaintiff's Motion for Reconsideration of Motion to Amend Scheduling Order (Doc. No. 52)

Plaintiff's motion for reconsideration of motion to amend scheduling order (Doc. No. 52) is **DENIED**. The Court finds the rationale for denying plaintiff's motion, as outlined in its original order (Doc. No. 48), remains valid.[7]

## III. Plaintiff's Motion for Leave to File Plaintiff's Witness List out of Time (Doc. No. 53).

Plaintiff moved for leave to file its witness list out of time, in the event that the Court denied its motion for reconsideration (Doc. No. 52). However, the Court notes that the filing of the witness list out of time would not cure the numerous problems that would remain in readying this case for trial. The deadline for the filing of witness lists is not the only deadline that has passed; plaintiff has missed deadlines related to exhibit lists, joint proposed instructions, voir dire and other instructions, motions in limine and its trial brief.[8]

Accordingly, plaintiff's motion for leave to file witness list out of time (Doc. No. 53) is **DENIED.**

## IV. Plaintiff's Response to the Order to Show Cause (Doc. No. 54)

Plaintiff's primary rationale for the delays in this case and the failure to meet deadlines in the Court's Scheduling and Trial Orders is plaintiff's counsel's service as a

---

[7]The Court will more fully examine many of plaintiff's arguments raised in the motion for reconsideration in its review of plaintiff's response to the Court's Order to Show Cause, as the arguments are largely the same.

[8]Although plaintiff's counsel argues that one of the reason that deadlines were missed was due to his legislative service, several of the deadlines (asserting party's voir dire and other instructions, due May 15, 2006; asserting party's motions in limine and trial brief, due June 5, 2006) passed <u>after</u> counsel represents the legislative session ended. See Doc. No. 54 (wherein counsel represents the legislative session ended on May 12, 2006).

Missouri state legislator. Counsel indicates that he hired Mr. Dermody as an of counsel attorney "to deal with the negative effects of legislative service on Counsel Flook's ability to perform. Counsel Flook agreed to accept representation of Plaintiff (and other clients in other matters) on the basis that Michael Dermody would serve as co-counsel on the case." Counsel represents his role in this case was "diminished when Counsel Dermody was in the case as co-counsel and Counsel Flook's legislative duties expanded rapidly. However, in the fall of 2005, Counsel Dermody decided to leave the practice of law and take a pharmaceutical sales position. The representation of the Plaintiff then became the sole responsibility of Counsel Flook."

Mr. Flook indicates he "had immediate difficulty meeting the Amended Scheduling Order due to his legislative duties and anticipated that there would be further delays and missed dates."[9]

Counsel further states, "The 2006 Legislative Session ended on May 12, 2006, and Counsel returned to his law office and began the painful process of reviving all of Counsel's delayed cases and other pending cases and work projects. Counsel on June 19, 2006, filed his Motion to Reconsider Plaintiff's Second Motion to Modify the Scheduling Order. Thirty minutes prior to Counsel's filing of the Motion to Reconsider, the Court entered its Order to Show Cause to the Plaintiff for nonconformance with the Court's Scheduling Order."[10]

---

[9]Although counsel represents he had "immediate difficulty," that difficulty was not brought to the attention of the Court until after deadlines had already passed.

[10]It is not a coincidence that plaintiff's motion for reconsideration was filed on the same date that the Court entered its Order to Show Cause; the plaintiff's attorney had been contacted by the Courtroom Deputy Clerk regarding the status of the case earlier in the month of June, and when no written response by plaintiff appeared to be forthcoming, the Court entered its Order to Show Cause.

Counsel indicates that some of the pertinent factors considered by courts in evaluating whether a case should be dismissed for failure to prosecute are: the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness of the conduct, mitigating excuses, prejudice to the court or opponent, and the adequacy of lessor sanctions. Gripe v. City of Enid, 312 F.3d. 1184, 1188 (10th Cir. 2002). Plaintiff states that his counsel's excuse is legitimate, counsel's motion for modification fo the scheduling order in February 2006 should be considered a mitigating factor[11], none of the delays have been the client's fault, the remaining discovery is narrowly limited and can be done in a reasonable amount of time, and an order amending or modifying the Scheduling Order will not result in prejudice to Defendant.[12]

Plaintiff also argues that this case is before the Court on diversity jurisdiction, and the laws of the state of Missouri apply as to substantive matters. Plaintiff notes that under §510.120 of the Missouri Revised Statutes, the State of Missouri has granted an automatic continuance to legislator-attorneys on all court cases and administrative proceedings, including trials, discovery, motions, and other matters while that attorney is serving in the regular legislative session "from January 1 to June 1 of each year," and while that legislator-attorney is called to duty for out of session committees, special sessions and veto sessions.

---

[11]Notably, this motion was filed nearly a month after the close of discovery.

[12]Here, plaintiff states the production of documents and things requested has been known to defendant since December of 2005, when the request was issued and when defendant acknowledged he would produce such documents during his deposition. Notably, plaintiff did not seek court intervention to resolve this issue before the close of discovery in February 2006. Plaintiff did not file a certificate of service with the Court regarding this discovery until July 11, 2006.

However, as plaintiff's counsel appears to realize, RSMo. Section 510.120 is not a substantive law, but is a procedural law. Thus, it has no binding authority on this Court. The Court, however, recognizes the benefit of lawyers serving in the legislature, and does not discount the positive effect of their service. If matters related to a legislator-lawyer's legislative schedule are brought to the Court's attention in a timely fashion, such as prior to the entering of Scheduling and Trial Orders and prior to the expiration of deadlines established by previously-entered Scheduling and Trial Orders, the Court is willing to work with counsel to establish deadlines that both (1) accommodate counsel's schedule, and (2) expedite the disposition of the action (see Fed. R. Civ. P. 16(a)).

In this matter, plaintiff's counsel did not bring his legislative schedule to the Court's attention until far too late. When the scheduling order was amended in November 2005, plaintiff's Plaintiff's counsel did not object to deadlines set in the early months of 2006, even though those deadlines would obviously fall within the 2006 legislative session. Instead of moving for an extension of time before the close of discovery, plaintiff's counsel waited for nearly a month before filing for an extension of discovery and other deadlines. After the Court denied the motion for extension of time, counsel waited another three months before filing his motion for reconsideration. In the meantime, numerous deadlines passed, including ones during a time period in which plaintiff's attorney represents he was no longer involved in legislative matters.

Given the history of this matter as detailed above, the Court finds that plaintiff's counsel has not acted responsibly regarding his legislative service and his duties to the Court and his client, and that counsel is now attempting to use his legislative position as a shield for this neglect. Additionally, where months go by and no filings have been made

by plaintiff's counsel[13], the Court does not have much confidence in this case progressing any better in the future.[14] Although counsel has proposed dates for further extensions of time, the Court has little confidence that the remaining matters can be completed within plaintiff's counsel's suggested time frame.

There have been significant delays in what should have been an uncomplicated contract case. Given the severity of the violations of the Court's Scheduling Orders and the repetitive nature of the delays, the Court finds that sanctions less than dismissal would be insufficient. Therefore, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

**IT IS SO ORDERED.**

                                              /s/ FERNANDO J. GAITAN, JR.
                                              Fernando J. Gaitan, Jr.
                                              United States District Judge

Dated:   August 14, 2006   .
Kansas City, Missouri.

---

[13] For instance, between July 2005 and January 2006, when the legislative sessions should have been complete and plaintiff's counsel's legislative duties reduced, plaintiff's counsel made no filings with the Court. In this time frame (particularly in November and December 2005), counsel could have appropriately raised issues related to his legislative duties and suggested scheduling accommodations.

[14] The Court further notes that the great majority of the filings made by plaintiff in the past year were prompted by Court action (such as the issuance of the Order requiring certification of completion of discovery (Doc. No. 42) and the Order to show cause (Doc. No. 51)).